IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY L. APPLEMAN                                                                     PLAINTIFF

VS.                                CIVIL NO.05-5011

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                DEFENDANT

**MEMORANDUM OPINION**

      Jerry Appleman (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") under Title II of the Act.

**Background:**

      The application for DIB now before this court was filed on June 4, 2001, alleging disability beginning November 22, 2000, due degenerative disc disease ("DDD"), osteoarthritis, and degenerative joint disease ("DJD") of the right knee. (Tr. 24, 62-64). An administrative hearing was held on August 14, 2002. (Tr. 224-295). Plaintiff was present and represented by counsel.

      At the time of the hearing, plaintiff was thirty-five years old, and possessed a high school education. (Tr. 24). He had past relevant work ("PRW") as a truck driver, delivery driver, sales clerk, and warehouse delivery driver. (Tr. 24).

      On April 21, 2003, the ALJ issued a written decision finding that plaintiff's condition was severe, but did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 29). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ( "RFC") to perform sedentary work that does not

require standing over thirty minutes at a time; sitting for over twenty minutes at a time; or, squatting, kneeling, or crawling. (Tr. 29). Although he determined that plaintiff could not return to his PRW, the ALJ found that plaintiff could still perform the positions of cashier and machine operator. (Tr. 30).

The Appeals Council declined to review this decision. (Tr. 5-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Discussion:**

The issue before this court is whether the Commissioner's decision is supported by substantial record evidence. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

A five-part analysis is utilized in social security disability cases. *See e.g., Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). Applying this analysis, the ALJ must determine, sequentially, the following: 1) whether the claimant is employed; 2) whether the claimant has a severe impairment; 3)

whether the impairment meets a listed impairment; 4) whether the impairment prevents the claimant from doing past work; and 5) whether the impairment prevents the claimant from doing any other work. *Id.*; *see also* 20 C.F.R. § 404.1520.

If the claimant fails at any step, the ALJ need not continue. "The claimant carries the burden of establishing that [he] is unable to perform [his] past relevant work, i.e., through step four, at which time the burden shifts to the Commissioner to establish that [he] maintains the residual functional capacity to perform a significant number of jobs within the national economy." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001)(citing *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)).

**Discussion:**

In the present case, the ALJ relied on the testimony of a vocational expert ("VE") to find that plaintiff could perform the positions of cashier and machine operator tender. While the ALJ can rely on expert testimony that is consistent with the job classifications in the Dictionary of Occupational Titles ("DOT"), he is prohibited from doing so when the expert's testimony conflicts with the DOT, unless there is evidence in the record to rebut those classifications. *See Jones v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003) (citing *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997)).

The DOT is the Commissioner's primary source of reliable job information. *See* 20 C.F.R. § 404.1566(d)(1); *see also Porch v. Chater,* 115 F.3d 567, 571 (8th Cir. 1997). The Commissioner uses the DOT to classify occupations as skilled, semiskilled, or unskilled. *See* 20 C.F.R. § 404.1569. In the DOT, each job is assigned a number that reflects the job's specific vocational preparation time ("SVP"), i.e., how long it generally takes to learn the job. *See* United States Dep't of Labor, Employment and Training Admin., DICTIONARY OF OCCUPATIONAL TITLES, Vol. II, Appendix C , *at* www.westlaw.com. Unskilled work requires less than thirty days training, and corresponds to an SVE

of one or two. 20 C.F.R. § 404.1569(a); 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00; DOT, Vol. II, Appendix C.

In the present case, the ALJ posed a hypothetical question to the VE, asking her whether a person of plaintiff's age and education, who could perform a range of sedentary work, limited by his ability to stand no more than thirty minutes at a time, sit more than twenty minutes at a time and never kneel or crawl, could perform any unskilled jobs. (Tr. 286-287). The VE then testified that such a person could perform the unskilled positions of cashier and machine operator tender. (Tr. 287). However, plaintiff points out, and we agree, that the SVP associated with these positions is no lower than three. As such, these positions are clearly not considered unskilled work.

While the mere fact that the VE's testimony conflicts with the DOT does not necessarily mean that the case must be remanded, we note that the ALJ did not ask the VE if her testimony was consistent with the DOT, nor did he ask her to explain any conflicts between her testimony and the provisions of the DOT. Accordingly, we believe that remand is necessary to allow the ALJ to re-examine the VE concerning the nature of the positions plaintiff remains capable of performing. In do doing, he should also request that the VE indicate the DOT section for each position she concludes plaintiff is capable of performing.

Further, we also note that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). We note, that the opinion of a consulting physician who examined the plaintiff once or

not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have treated plaintiff, asking the physicians to review plaintiff's medical records; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and, therefore, the denial of benefits to the plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 14th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE